IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ANTHONY MOORE, #54607-083 \*
Petitioner,
v. \* CIVIL ACTION NO. GJH-15-2440

WARDEN TIMOTHY STEWART \*
Respondent.
\*\*\*\*\*

## MEMORANDUM OPINION

On August 13, 2015, Anthony Moore, an inmate housed at the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberland), filed a Petition for habeas corpus relief under 28 U.S.C. § 2241. On September 9, 2015, the Court directed the Government to file a response to the Petition. The Government filed a Motion to Dismiss and Moore has filed an Opposition. ECF No. 9; ECF No. 7. The matter has been fully briefed, and the case is ready for review and may be determined without a hearing. *See* Local Rule 105.6 (D. Md. 2016).

### I. BACKGROUND

On December 19, 2002, a federal grand jury returned a twenty-two count indictment charging Moore and thirteen co-defendants with various federal drug and firearm violations, stemming from a conspiracy to distribute heroin and cocaine base. On May 21, 2003, Moore pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin and 50 grams or more of cocaine base in the United States District Court for the Eastern District of Virginia, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. ECF No. 7-1; *see also United States v. Moore*, Criminal No. 02-cr-0225 AWA (E.D. Va.

2003). During the May 21, 2003 plea colloquy, the sentencing court informed Moore that his offense carried a mandatory minimum penalty of 10 years imprisonment and a maximum possible penalty of a life sentence, with a fine not to exceed $4,000,000.00. ECF No. 7-1 at 5. Moore indicated his understanding of the seriousness of the penalties. *Id.* At sentencing on November 12, 2003, Judge Jerome B. Friedman examined the drug weights, Moore's role in the offense, and the firearm enhancement. He determined that a downward departure was not warranted and calculated Moore's offense level as 41 under the United States Sentencing Guidelines and his criminal history category as IV, which resulted in an advisory guidelines range of 360 months to life. Moore was sentenced to a 360-month term of imprisonment and five years of supervised release. The remaining counts in the indictment were dismissed. ECF No. 7-2 at 95-103, 133–41. Judgment was entered against Moore on November 14, 2003. Moore's appeal to the United States Court of Appeals for the Fourth Circuit was dismissed.

Moore filed a 28 U.S.C. § 2255 Motion to Vacate, which attacked the voluntariness of his guilty plea, the effectiveness of his attorney, and the alleged unconstitutional enhancement of his sentence. *See United States v. Moore*, Criminal No. 02-cr-0225 AWA (E.D. Va. 2003) at ECF No. 69. The United States District Court for the Eastern District of Virginia denied the Motion on January 20, 2006. *Id.*, ECF No. 77. Moore filed Motions to Alter or Amend the Judgment denying his Motion to Vacate. *Id.*, ECF No. 78; ECF No. 79; ECF No. 80. The Motions were denied. *Id.*, ECF No. 80. The Fourth Circuit dismissed the appeal on July 9, 2007. *See United States v. Moore*, 232 Fed. App'x 291 (4th Cir. 2007).

Moore filed a second § 2255 Motion in the Eastern District of Virginia. The Motion was dismissed without prejudice as successive on February 28, 2012. S*ee United States v. Moore*, Criminal No. 02-cr-0225 AWA (E.D. Va. 2003) at ECF Nos. 221, 225–27. Moore moved to alter or amend the denial of the Motion and the district court denied that Motion on June 13, 2012. *Id.*, ECF No. 233; ECF No. 243. Moore's appeal of the denial of his Motion and reconsideration request was dismissed by the Fourth Circuit on January 16, 2013.[1] *See United States v. Moore*, 504 Fed. App'x 263 (4th Cir. 2013).

In the instant Petition, Moore argues that (1) his sentence exceeds the statutory maximum in violation of provisions of the U.S. Constitution and (2) that the federal district court lacked subject matter jurisdiction to try, convict, or sentence him under 21 U.S.C. § 846. ECF No. 1.

In the Government's Motion to Dismiss, it is argued that the Court should dismiss the Petition as the relief sought by Moore is more properly brought under a § 2255 Motion to Vacate and § 2255 is not "inadequate or ineffective" so as to file an action under 28 U.S.C. § 2241. ECF No. 7. In his Opposition, Moore identifies "several purely legal questions concerning this Court's habeas jurisdiction and [his] habeas claims." ECF No. 9 at 1.

## II. ANALYSIS

Moore seeks habeas corpus relief under § 2241, invoking what is often referred to as the "savings clause" provision under § 2255(e) to seek vacatur of his sentence, criminal judgment and indictment. An inmate may file a motion under § 2255 to collaterally attack the legality of

---

[1] Moore's subsequent post-judgment Motions to Suspend and Disbar Counsel and to Dismiss the Indictment were denied by the Virginia federal court. The decision was affirmed on appeal on March 4, 2016. *See United States v. Moore*, 636 Fed. App'x 882 (4th Cir. 2016).

3

his conviction or sentence. 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343 (1974). But generally, a prisoner may file a petition under § 2241 only to challenge the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Rice v. Rivera*, 617 F.3d 802, 806–08 (4th Cir. 2010) (per curiam); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(e); *see also Farrow v. Revell,* 541 Fed. Appx. 327, 328 (4th Cir. 2013) (per curiam) ("A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence.") (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).

Section 2255 is not inadequate merely because the inmate is unable to obtain relief under § 2255. *In re Vial*, 115 F.3d at 1194 n.5. Thus, § 2255 is not rendered inadequate because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. *Id.* (citing *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime. *See United States v. Surratt*, 797 F.3d 240, 248-50 (4th Cir. 2015), *rehearing en banc granted* (4th Cir. Dec. 2, 2015). The savings clause of § 2255, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. *Darden v. Stephens*, 426 Fed. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Moore seeks habeas relief under § 2241 by means of the Savings Clause, because he previously filed a § 2255 Motion, which was denied on the merits. Moore, however, does not satisfy the Savings Clause requirements of § 2255(e) as set out in *In re Jones* and he may not rely on the savings clause provision of § 2255(e). This circuit has not recognized an entitlement to habeas corpus relief when an inmate challenges his sentence contending that the remedy under § 2255 is inadequate or ineffective. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the [§ 2255(e)] savings clause to those petitioners challenging only their sentences). Otherwise, the rule prohibiting a second and successive § 2255 motion, 28 U.S.C. § 2255(h), would be rendered meaningless.

The Court observes that Moore's other arguments carry no weight. Moore relies on *Persaud v. United States*, 134 S.Ct. 1023 (2014) to claim that his § 2241 petition is proper (rather than a § 2255 motion) and that his sentence exceeds the statutory maximum he would have

otherwise faced had his sentence not been improperly enhanced. His reliance on that case is inappropriate. He cannot challenge a sentencing enhancement through a § 2241 petition. *See Rouse v. Wilson*, 584 Fed. App'x 76 (4th Cir. 2014); *Barnes v. Bragg*, Case No. 8:15-cv-02842-HMH-JDA, 2016 WL 4087360 (D.S.C. 2016). Further, an inmate's inability to file a § 2241 petition under the "savings clause" provision of § 2255(e), does not violate the Suspension Clause. *See Felker v. Turpin*, 518 U.S. 651, 654, 663–64 (1996); *In re Vial*, 115 F.3d at 1197 (4th Cir. 1997) (Anti-Terrorism and Effective Death Penalty Act restriction on successive habeas corpus petitions do not amount to an unconstitutional "suspension" of the writ of habeas corpus). Respondent's Motion to Dismiss shall be granted.

### III. CONCLUSION

In light of the rulings of the Court, the instant Petition for habeas corpus relief will be denied, and this case will be dismissed by separate Order. When a district court dismisses a habeas petition, a Certificate of Appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Moore does not satisfy this standard, and the Court declines to issue a

Certificate of Appealability. A separate Order follows.

Date: September 15 2016

GEORGE J. HAZEL
United States District Judge